# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL THEO SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-1060-M |
| | ) |
| OKCPD, CHIEF BILL CITY (sic), | ) |
| LT. D. GULIKERS, DETECTIVE J. | ) |
| HUSTED, OFFICER R. STORY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is defendant William Citty's ("Citty") Motion to Dismiss, filed November 5, 2013. On November 25, 2013, plaintiff filed his response, and on November 27, 2013, Citty filed his reply.

On October 4, 2013, plaintiff filed the instant action, alleging defendants violated his constitutional rights. Specifically, plaintiff alleges claims of false arrest and malicious prosecution. Pursuant to Federal Rule of Civil Procedure 12(b)(6), Citty, the Chief of Police for the Oklahoma City Police Department, now moves this Court to dismiss the claims against him for failure to state a claim upon which relief can be granted.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that

>are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 679 (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 678 (internal quotations and citations omitted). Finally, "[a] court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Citty contends that plaintiff's § 1983 claims against him in his individual capacity should be dismissed because plaintiff has not sufficiently alleged that Citty was personally involved in the arrest or prosecution of plaintiff. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The Tenth Circuit has held:

>The plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation. Though state actors who participate in a violation in a supervisory role may incur liability, there is no concept of strict supervisory liability under section 1983. In other words, it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, just as with any individual defendant, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance.

*Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) (internal quotations and citations omitted).

Having carefully reviewed plaintiff's complaint, and presuming all of plaintiff's factual allegations are true and construing them in the light most favorable to plaintiff, the Court finds plaintiff has not set forth sufficient factual allegations that Citty personally participated in the alleged false arrest and malicious prosecution. Specifically, the Court finds that plaintiff only makes conclusory allegations against Citty unsupported by any specific factual statements showing how Citty was personally involved in the arrest or prosecution of plaintiff. Accordingly, the Court finds that plaintiff has failed to state any § 1983 claims against Citty in his individual capacity, and, thus, plaintiff's § 1983 claims against Citty in his individual capacity should be dismissed.

Citty next contends that he is entitled to dismissal of plaintiff's § 1983 claims against him in his official capacity because plaintiff has failed to allege any unconstitutional municipal policy. A suit against a public servant in his official capacity is a suit against the entity he represents. *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 n. 55 (1978). Further, the United States Supreme Court has held:

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell*, 436 U.S. at 694.

Having carefully reviewed plaintiff's complaint, the Court finds that plaintiff has not set forth sufficient facts to state any § 1983 claims against Citty in his official capacity. Specifically, the Court finds plaintiff has not alleged any facts suggesting that his injury was caused by an unconstitutional municipal policy, practice, or custom. In fact, plaintiff's complaint is completely

3

devoid of any suggestion that a municipal policy or official custom was the cause of any alleged constitutional violations. Accordingly, the Court finds that plaintiff's § 1983 claims against Citty in his official capacity should be dismissed.

Finally, Citty contends that plaintiff's state constitutional claims should be dismissed. Specifically, Citty asserts that pursuant to the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51, § 163(C), he cannot be named as a defendant on any state law claim and he should be dismissed. In his response, plaintiff does not address this contention. Thus, the Court finds that plaintiff has confessed that plaintiff's state constitutional claims should be dismissed against Citty.

Accordingly, for the reasons set forth above, the Court GRANTS Citty's Motion to Dismiss [docket no. 11] and DISMISSES all claims against Citty.

**IT IS SO ORDERED this 12th day of December, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE