# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL SYKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-1060-M |
| | ) |
| OKLAHOMA POLICE DEPT. | ) |
| BILL CITTY, D. GULICKERS, | ) |
| J. HUSTED, R. STORY, officers, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are non-party Gay Williams' Motion to Quash or Modify Subpoena and/or for Protective Order and Amended Motion to Quash or Modify Subpoena and/or for Protective Order, both filed April 14, 2014. On April 17, 2014, plaintiff filed his response. Based upon the above-submissions, the Court makes its determination.

Plaintiff has subpoenaed Deputy Court Clerk Gay Williams ("Williams") to give deposition testimony in this case. Williams is not a party to this action and is not the legal entity for Oklahoma County that serves as the statutorily mandated official record keeper for Oklahoma County Court. Williams is an employee of the Oklahoma County Court Clerk, and currently her primary job assignment is to serve as the court clerk to District Judge Hall. As a Deputy Court Clerk, Williams performs judicial docketing and record keeping functions of the Oklahoma County District Court.

The subpoena was hand delivered to Williams at the Oklahoma County District Courthouse on April 9, 2014. The subpoena is addressed to "Mrs. Gay – Judge Hall Court Clerk" and states that the deposition is to occur on April 23, 2014, but does not include a time. The subpoena further states that the testimony being sought is as follows: "Your knowledge of the criminal probable cause number CR-2012-164 – CF-2012-2540 – CPC attached to CF 2012-2540 – Required signatures to

establish probable cause as it is in her daily work". Subpoena, attached as Exhibit 1 to Amended Motion to Quash or Modify Subpoena and/or for Protective Order of Non-Party Gay Williams with Brief in Support.

Williams moves this Court to quash the subpoena issued by plaintiff and/or alternatively requests the Court to issue a protective order to prevent the deposition. Federal Rule of Civil Procedure 45(d)(3)(A) provides:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
> (i) fails to allow a reasonable time to comply;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). The party seeking to quash a deposition notice or seeking a protective order bears the burden to show good cause for it. *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996).

Williams contends that pursuant to Rule 45, this Court must quash the subpoena because it requires testimony about judicial court process and procedure and the legal thought process for the establishment of probable cause. Williams asserts that such testimony is protected by the doctrine of judicial immunity. Additionally, Williams contends that she is entitled to a protective order barring her deposition from proceeding in accordance with Federal Rule of Civil Procedure 26(c) because, as a fact witness, she cannot and should not be compelled to provide expert legal testimony to plaintiff on the legal requirements for probable cause. Williams further contends that requiring her attendance at the deposition would place a significant burden on her, the District Court Clerk's

Office, and the District Court. Finally, Williams contends that the notice of deposition is deficient in that it lacks proper notice of the time required for appearance.

In his response, plaintiff asserts that he is not seeking expert testimony or privileged information. Plaintiff contends that the information requested is public information and is relevant to his case. Plaintiff asserts that he can only acquire the information he needs from Williams because she has stated that she has a different probable cause affidavit – the probable cause affidavit associated with criminal probable cause number 2012-169 signed by Judge Hall is different from the probable cause affidavit recorded by the County Court Clerk in association with CF 2012-2540. Finally, plaintiff asserts:

> Plaintiff alleges that the arrest was not warranted because of lack of probable cause and that the defendants were malicious in the finding of probable cause. If the Judge never seen the sworn affidavit signed by the Judge as stated by the Judges Clerk then her testimony to the public information available on her computer concerning receiving the information recorded by the County Clerk for the finding of probable cause by the Judge is pertinent to establishing admissible evidence.

Response to Motion to Quash/and or for Protective Order of Non-Party Gay Williams with Brief in Support at 2.

Judges are absolutely immune from liability for acts which are judicial in nature and that fall within, or even in excess, of their jurisdiction. *See Bradley v. Fisher*, 80 U.S. 335 (1871). The policy behind judicial immunity does not merely extend to civil actions, it also extends to protection against discovery. *See In re Lickman*, 304 B.R. 897, 903 (Bankr. M.D. Fla. 2004). Court clerks have also been granted judicial immunity.

> With respect to court clerks, some courts have accorded judicial immunity only in connection with discretionary, as opposed to ministerial, acts, or when the act is required by court order or taken

3

> at a judge's direction. Other courts have looked more at whether the conduct was an integral part of the judicial process, rather than whether it was discretionary or ministerial in nature. Even under the more restrictive approach, judicial immunity has been applied to court clerks with respect to discretionary acts that implement judicial decisions or that are performed at the direction or under the supervision of a judge.

*Gill v. Ripley*, 724 A.2d 88, 97 (Md. 1999).

Having carefully reviewed the submissions, and particularly the subpoena and plaintiff's arguments regarding what testimony he is seeking, the Court finds that Williams should be granted judicial immunity in relation to this testimony. Specifically, the Court finds that the testimony sought by plaintiff involves more than ministerial acts performed by Williams. Plaintiff is seeking testimony regarding the events surrounding a specific probable cause affidavit. The Court finds that this testimony clearly involves acts performed by Williams that implement judicial decisions and/or that are performed at the direction or under the supervision of Judge Hall. Accordingly, the Court finds that plaintiff's subpoena should be quashed.

Therefore, the Court GRANTS Williams' Motion to Quash or Modify Subpoena and/or Protective Order [docket no. 47] and Williams' Amended Motion to Quash or Modify Subpoena and/or for Protective Order [docket no. 48] and QUASHES the subpoena issued to Gay Williams.

**IT IS SO ORDERED this 22nd day of April, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE