# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EARL THEO SYKES, | ) |
|                 Plaintiff, | ) |
| vs. | ) Case No. CIV-13-1060-M |
| OKCPD OFFICERS, JAMES HUSTED, D. GULICKER, R. STORY, et al., | ) |
|                 Defendants. | ) |

## ORDER

Before the Court is the Motion to Quash Subpoena and/or for Protective Order of Non-Party Oklahoma County Court Clerk, filed August 15, 2014. On August 18, 2014, plaintiff, who is proceeding *pro se*, filed his response.

On August 14, 2014, Oklahoma County Court Clerk Tim Rhodes ("Court Clerk") received a subpoena issued in the name of "Oklahoma County Court Clerk" to give in person oral trial testimony via deposition in this action on September 15, 2014. Specifically, plaintiff is seeking the following testimony:

> testimony about the authenticity of documents produced and received by the Oklahoma County Court Clerk's Office with regard to all probable cause affidavits, warrants, criminal probable cause numbers, information, and warrant request made including the date and time those documents were received by or clocked in by the Oklahoma County Court Clerk's Office, date and time the documents were entered into the system and date and time Judge Halls' Court Clerk received the information concerning CF-2012-2540, CF-2012-169 and CM-2012-1306.

Notice to Appear and Testify at a Deposition and to Produce Electronically Stored Information, attached as Exhibit 1 to the Motion to Quash Subpoena and/or for Protective Order of Non-Party Oklahoma County Court Clerk. The subpoena further requested the production of the following

documents: "All documents, files and logs associated with CF 2012-2540 and CPC # 2012 169". Subpoena to Testify at a Deposition in a Civil Action, attached as Exhibit 1 to the Motion to Quash Subpoena and/or for Protective Order of Non-Party Oklahoma County Court Clerk.

The Court Clerk moves the Court to quash the deposition subpoena pursuant to Federal Rule of Civil Procedure 45 and/or to issue a protective order to prevent the deposition pursuant to Federal Rule of Civil Procedure 26(c). The Court Clerk asserts that all information sought is information that is public record, readily assessable to the public, and self-authenticating. The Court Clerk further asserts that because of the nature of the Court Clerk's job, compliance with the deposition is taxing and burdensome on the Oklahoma County Court Clerk's office and the district court's judicial docket, interferes with government functions, and wastes government time and resources.

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery;
>
> \*          \*          \*
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery; . . . .

Fed. R. Civ. P. 26(c)(1)(A),(C). The party seeking a protective order must show "good cause" for his request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). Further, a court may limit the extent of discovery otherwise allowed if it determines that the discovery sought "can be obtained from some other source that is more convenient, less burdensome, or less expensive". Fed. R. Civ. P. 26(b)(2)(C)(i).

Additionally, domestic public records that are sealed and signed, or certified, are self-authenticating evidence. *See* Fed. R. Evid. 902. Thus, any certified court documents from the Court Clerk can be admitted into evidence without a record keeper's testimony as to the authenticity of the document.

Having carefully reviewed the parties' submissions, the Court finds that a protective order should be entered prohibiting the deposition of the Court Clerk and limiting the inquiry for the court documents to a written request for certified copies of the documents requested. Specifically, the Court finds that the deposition of the Court Clerk is not necessary as plaintiff can obtain all court documents requested through a written request to the Oklahoma County Court Clerk, who can produce these as certified copies that are self-authenticating. The Court further finds that the deposition of the Court Clerk would be unduly burdensome and costly; while there may be a charge for the certification of the documents requested, the cost of a deposition would be greater and more burdensome upon all parties, especially the Court Clerk, than simply obtaining certified court records.

Accordingly, the Court GRANTS the Court Clerk's Motion for Protective Order [docket no. 79]. The deposition of the Court Clerk on September 15, 2014 is hereby prohibited. Plaintiff is directed to obtain the court documents requested through a written request to the Oklahoma County Court Clerk for certified copies.

**IT IS SO ORDERED this 29th day of August, 2014.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE