**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EARL THEO SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1060-M |
| | ) | |
| CITY OF OKLAHOMA CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Before the Court are defendants Lt. Brenda Back ("Back"), Nathan Burroughs ("Burroughs"), and Kellie Cunningham's ("Cunningham") Motion to Dismiss, filed November 26, 2014, and defendants Back, Burroughs, and Cunningham's Amended Motion to Dismiss, filed December 3, 2014. On December 8, 2014, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

On June 5, 2014, plaintiff filed an Amended Complaint adding defendants Back, Burroughs, Cunningham, and others as defendants in this case. No summons were issued for defendants Back, Burroughs, or Cunningham at that time. On October 8, 2014, the Court issued an order granting in part and denying in part plaintiff's motion to file a second amended complaint adding additional parties. In that order, the Court sua sponte extended the deadline for plaintiff to serve defendants Back, Burroughs, Cunningham, and others until October 27, 2014.

On October 16, 2014, plaintiff filed his second amended complaint. On October 20, 2014, summons were issued for defendants Chief Bill Citty and the City of Oklahoma City. On October 27, 2014, at 4:42 p.m., summons were issued for defendants Back, Burroughs, and Cunningham. The address listed for defendants Back, Burroughs, and Cunningham was 201 N. Shartel, Oklahoma City, OK – the address for the Oklahoma County Detention Center. On November 12, 2014, returns

of service were filed for defendants Back, Burroughs, and Cunningham. All three returns of service indicate that Mike Trent, a person of suitable age and discretion then residing in the defendant's usual place of abode, was served with the summons at the Oklahoma County Detention Center.

Defendants Back, Burroughs, and Cunningham now move this Court to dismiss this case based, in part, upon insufficient service of process. Specifically, defendants Back, Burroughs, and Cunningham assert that service of summons on Mr. Trent at the Oklahoma County Detention Center is not compliant with Federal Rule of Civil Procedure 4.

Rule 4 provides that service may be accomplished by serving an individual by (1) following state law to effect proper service of process, (2) delivering a copy of the summons and the complaint to the individual personally, (3) leaving a copy of the summons and complaint at the individual's residence or usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of the summons and complaint to an agent authorized by appointment or by law to accept such service. *See* Fed. R. Civ. P. 4(e). Oklahoma's procedure for personally delivering process upon an individual sets forth alternative methods for effecting service of process. Service upon an individual must be made by delivering a copy of the summons and the complaint personally or by leaving copies at the person's dwelling house or usual place of abode with someone who is 15 years old or older or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

Oklahoma does not require strict compliance, but rather substantial compliance with its rules governing service of process. *See Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991). Additionally, Oklahoma law provides that if service cannot be accomplished by personal delivery or by mail,

delivery of process on an individual may be effected "as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." Okla. Stat. tit. 12, § 2004(C)(6).

As provided in 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), and because plaintiff is proceeding *in forma pauperis*, the Court, acting through the United States Marshals Service ("USMS"), has the obligation to diligently attempt to effect service of process upon the named defendants and to timely file a return indicating whether or not such service has been effected. However, plaintiff is not relieved of compliance with Rule 4's service requirements merely because he is proceeding *pro se*. *See DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993) (finding "[a] pro se litigant is still obligated to follow the requirements of Fed.R.Civ.P. 4."). Additionally, although the Court is required to effect service of the summons and complaint for a litigant, such as plaintiff, who is proceeding *in forma pauperis*, it is the *in forma pauperis* litigant's responsibility to provide sufficient information for service on the parties. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

The returns of service filed by the USMS for defendants Back, Burroughs, and Cunningham reflect that the USMS served an individual, Mr. Trent, at the Oklahoma County Detention Center and indicated on the returns that Mr. Trent was served as "[a] person of suitable age and discretion residing in the defendant's usual place of abode." *See* returns of service [docket nos. 124, 125, and 126]. However, it is undisputed that defendants Back, Burroughs, and Cunningham do not reside at the Oklahoma County Detention Center and that Mr. Trent is not an agent authorized by appointment or by law to receive service of process for defendants Back, Burroughs, and/or Cunningham. Accordingly, the Court finds that defendants Back, Burroughs, and Cunningham have

not been properly served and that plaintiff's claims against these defendants should be dismissed for insufficient service of process.

In his response, plaintiff appears to request an additional amount of time to serve defendants Back, Burroughs, and Cunningham. Having carefully reviewed plaintiff's response, the Court finds plaintiff has not set forth good cause for any further extension of time to serve defendants. This Court sua sponte extended the time for plaintiff to serve these defendants. Plaintiff waited until 4:22 p.m. on the last day to serve these defendants to even have summons issued by the Court for these defendants and did not provide the USMS with a valid address to serve these defendants.

Accordingly, the Court GRANTS defendants Back, Burroughs, and Cunningham's Motion to Dismiss [docket no. 134] and Amended Motion to Dismiss [docket no. 137] and DISMISSES these defendants without prejudice for insufficient service of process.

**IT IS SO ORDERED this 5th day of March, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE