IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EARL THEO SYKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-1060-M |
| | ) | |
| CITY OF OKLAHOMA CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is plaintiff's Motion for New Trial and Altering or Amending Judgement, filed March 31, 2015. Defendants have filed responses, and plaintiff has filed replies. Based upon the parties' submissions, the Court makes its determination.

On March 5, 2015, this Court granted defendants Oklahoma City Police Lieutenant D. Gulikers, Oklahoma City Police Detective J. Husted, and Oklahoma City Police Officer R. Story's motion for summary judgment, granted defendant Chief William Citty's motion for summary judgment, and granted defendant City of Oklahoma City's motion for summary judgment. *See* March 5, 2015 Order [docket no. 182]. Plaintiff now moves this Court, pursuant to Federal Rule of Civil Procedure 59, to amend or alter, i.e. reconsider, its March 5, 2015 Order. Specifically, plaintiff asserts that newly developed evidence – the 2010 trial transcript of Alyssa King's testimony and the February 11, 2015 deposition testimony of defendant Gulikers – warrants reconsideration of the Court's March 5, 2015 Order.

"Grounds warranting a [Rule 59(e)] motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct error or prevent manifest injustice." *Servants of the Paraclete v. John Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate "where the court has misapprehended the

facts, a party's position, or the controlling law" but is not appropriate "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* Further, "[w]here a party seeks Rule 59(e) relief to submit additional evidence, the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Devon Energy Prod. Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1213 (10th Cir. 2012) (internal quotations and citations omitted). Finally, "newly discovered evidence must be of such a nature as would probably produce a different result." *Id.* (internal quotations and citations omitted).

Having carefully reviewed the parties' submissions, the Court finds no grounds warranting reconsideration in the case at bar. Specifically, the Court finds that the additional evidence relied upon by plaintiff was available to plaintiff prior to the Court issuing its March 5, 2015 Order. Defendant Gulikers' deposition was taken on February 11, 2015, and the trial testimony of Alyssa King was given on September 13, 2010. Plaintiff was clearly aware of this testimony when it occurred because he was the one asking the questions in defendant Gulikers' deposition and he was the defendant in the trial in which Alyssa King testified. While plaintiff asserts that he was unable to obtain this evidence because he had to obtain the money the pay for the transcripts of the testimony, plaintiff never advised the Court that there was additional evidence relevant to the pending motions for summary judgment that he needed time to obtain and never sought any extension of time to obtain said evidence and never sought to supplement his responses to the motions for summary judgment. Finally, having reviewed the 2010 trial transcript of Alyssa King's testimony and the February 11, 2015 deposition testimony of defendant Gulikers, the Court finds this evidence would not produce a different result; even if this evidence had been before the Court

at the time it made its initial ruling, the Court would still have granted defendants' motions for summary judgment.

Additionally, the Court finds no intervening change in the controlling law and no need to correct clear error or prevent manifest injustice. The Court further finds it did not misapprehend the facts, it did not misapprehend plaintiff's position, and it did not misapprehend the controlling law. In his motion, plaintiff reasserts arguments made in his responses to the motions for summary judgment and advances arguments that could have, and should have, been raised in his responses.

Accordingly, the Court DENIES plaintiff's Motion for New Trial and Altering or Amending Judgement [docket no. 191].

**IT IS SO ORDERED this 1st day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE